## NEW-YORK COMMON PLEAS.

### SARTOS agt. MERCEQUES.

Where a defendant is discharged from arrest on giving bail to the sheriff, and the bail subsequently fail to justify, the *sheriff,* by the 201st section of the Code, becomes liable *as bail,* and is entitled to the same rights and powers as the defendant's bail. He may, therefore, as bail arrest the defendant and surrender him in the action; and for this purpose no process is necessary. (*See Buckman* agt. *Carnley, ante page* 180.)

It is not within the province of the court to order a sheriff to take bail for the jail liberties, nor to pass upon the sufficiency of such bail.

*Special Term, April,* 1854. This action was to recover the possession of personal property. The defendant was arrested by the sheriff, and on giving the usual bail was discharged from arrest. The bail afterward failed to justify, and the sheriff rearrested the defendant. He now moved to be discharged from arrest, and if not, that the sheriff be directed to admit him to the liberties of the jail, on giving proper security.

*for Plaintiff.*
FERRIS & CONDERT, *for Defendant.*

INGRAHAM, First Judge. The defendant was arrested by the sheriff, under the third subdivision of section 179 of the Code. The action was for the recovery of personal property. Upon the arrest, the defendant gave bail to the sheriff, and was discharged by him; but on the failure of the bail to justify, the sheriff rearrested the defendant. He now moves to be *discharged from arrest,* and if that is denied, he moves for an order that the sheriff admit him, on giving bail, to the *liberties* of the jail. Under the former practice, the sheriff was liable if the sureties did not justify, in the same manner as in cases of arrest in personal actions, and his remedy was upon the bond taken by him. He had no power to arrest the defendant except by becoming bail, and then arresting him for the purpose of a surrender. By the 201st section of the Code, this liability of the sheriff is altered, and the sheriff is now made liable as bail; and by the next section a recovery against him on such liability

Sartos agt. Merceques.

as bail may be collected by proceedings on his official bond. His liability, then, is the same as if he was one of the bail of the defendant, and I think he is entitled to the same rights and powers. As bail, he may arrest the defendant and surrender him in the action, and for that purpose no process is necessary. Other provisions are incorporated in the 201st section for the discharge of the sheriff's liability, by putting in other bail ; but until that is done he remains liable as the defendant's bail, and has the same rights and powers. A case involving to some extent this question was heretofore decided in this court, to which I refer. Buckman agt. Carnley, *ante, p.* 180.

The other question is, whether the defendant is entitled to the liberties of the jail, after his arrest by the sheriff ? Whether he is so or not cannot be of much moment on this motion, because it is not within the province of the court to order the sheriff to take bail for the jail liberties. If he unjustly refuses to take such bail, the sheriff is responsible to the injured party ; or, if he seeks relief, it must be by another mode than by motion in the cause. The sheriff has a right to demand satisfactory security, and if at any time he thinks the security insufficient, he has a right to require other security. The court cannot pass upon the sufficiency of the bail for the jail liberties, nor in any way order the sheriff to accept the bond of any sureties for such a purpose. Not having the power to decide as to the sufficiency of the sureties, it follows that we have no right to order the sheriff in such a case to admit the defendant to the liberties of the jail. This motion must be denied, and as the questions are new, without costs.