BENJAMIN F. METCALF et al. v. BURDETT STRYKER.

When a sheriff, after arresting a debtor on mesne process, stands as bail for his appearance, in an action subsequently brought against the sheriff for not producing the body of the debtor to be taken in execution of the judgment recovered against him, he cannot give evidence of the debtor's insolvency in mitigation of damages.

It seems, that in an action against the sheriff for an escape, such evidence would be admissible; but it is otherwise where the sheriff stands as bail for the debtor's appearance.

THE defendant, as sheriff, had process for the arrest of George C. Heinman, at the suit of the plaintiff. On the 20th of August, 1857, he arrested Heinman, and took from him an undertaking, with sureties, who justified before the sheriff. On the 25th of August, the defendant served on plaintiffs' attorney a copy of the undertaking and justification. On the 26th of August, the plaintiffs' attorney served on the defendant notice that they did not accept the bail. The bail did not justify, nor did the defendant serve any notice of justification. Judgment was obtained in August, 1858, and execution issued against the property of Heinman on the 12th of August, 1858, which was returned unsatisfied. On the 27th of August an execution was issued against the body, which was returned " defendant not found."

Upon the trial of this action, the defendant offered to prove that Heinman, at the time of his arrest in the original action, and for a long time before, was, and ever since had been, utterly insolvent and unable to pay said judgment, or any part thereof, and had no property, real or personal, liable to execution. This evidence was objected to and excluded, and defendant excepted. The jury rendered a verdict for the plaintiffs, under the direction of the court. The General Term ordered judgment for the plaintiffs on the verdict.

John K. Porter, for the appellant.

E. C. Benedict, for the respondents.

Ingraham, J.  The decision of the question raised upon the trial of this action depends upon the question whether the defendant is liable in this case for an escape, or whether he is to be considered as bail for the defendant Heinman, and liable as such bail.  If the action is one against the sheriff for an escape, it is well settled that the insolvency of the debtor may be given in evidence in mitigation of damages. (*Patterson* v. *Westervelt,* 17 Wend., 543 ; *Potter* v. *Lansing,* 1 Johns., 215 ; *Russell* v. *Turner,* 7 id., 189.)  In the latter case, Thompson, J., says : " It was admitted by the plaintiff's counsel, and, indeed, could not be denied, that the insolvency of the prisoner could be given in evidence in mitigation of damages.  And the principle of all the cases is, that the plaintiff can only recover to the extent to which he has been damnified by the sheriff's negligence.  In 2 Revised Statutes, page 437, the 62d section provides for an action on the case for an escape where the prisoner is committed on mesne process, and in such case gives the plaintiff a right to recover to the extent of the damages sustained by him ; and this would admit evidence of insolvency in such an action.  It is true, where debt was brought for the escape, this evidence was not admissible, and the reason for it is that that action was given by the statute (2 R. S., p. 437, § 63), in case of escape from arrest on final process, and in such cases fixed the amount of damages at the debt and costs.  The same rule has been adopted in Connecticut, Massachusetts, and other States, in favor of admitting this evidence in mitigation of damages. (*Palmer* v. *Gallup,* 16 Conn., 555, reversing a contrary rule in *Clark* v. *Smith,* 9 id., 387 ; *Weld* v. *Bartlett,* 10 Mass., 470 ; *Rich* v. *Bell,* 16 id., 294 ; *Young* v. *Hosmer,* 11 id., 89.) In fact, this rule was extended to all actions for damages for escapes, where the form of the action was case. (*Stevens* v. *Rowe,* 3 Denio, 327 ; *Bank of Rome* v. *Curtis,* 1 Hill, 275.)

The 201st section of the Code of Procedure provides, " If, after being arrested, the defendant escapes or be rescued, or bail be not given or justified, &c., the sheriff shall himself be liable as bail ;" and provides for discharging such liability by putting in and justifying bail.

In the present case there can be, therefore, no doubt that the sheriff, by neglecting to put in sufficient bail, became liable, in the same manner and to the same extent, as the bail would have been if bail had been put in and had justified. It has been suggested that an action for the escape might have been brought against the sheriff, notwithstanding the liability imposed by the statute, and in such a case the insolvency of the defendant in the execution might be shown. Whether the statutory liability imposed by the Code in these cases does not take the place of the action for an escape from mesne process, admits of some doubt; but it is not necessary to decide that question here, because the complaint is not founded on the escape, but on the neglect to put in and justify bail, and leaves the sheriff to the liability imposed upon him by the Code as bail. It sets out the facts necessary to claim defendant's liability as bail, and asks judgment for the amount of debt and costs.

We must, therefore, inquire what is the liability of bail. This is not declared or altered by the Code, and remains the same as it was before the Code. Bail, under the old system, undertook to produce the body of their principal, so that he should be amenable to final process in the action in which they became bail, whenever such process was issued. The theory upon which they became bail was, that the body of the debtor was delivered into their custody, and, carrying out that theory, bail were invested with full powers by the law to seize their principal at any time and deliver him up, in discharge of their liability. This they were authorized to do without process, and by virtue solely of the relation existing between them as principal and bail. The Code (§ 191) provides the mode in which this liability might be discharged. 1st, by death; 2d, by imprisonment in a State prison; 3d, by legal discharge from his obligation; or, 4th, by surrender to the sheriff of the county. Insolvency does not discharge the liability, and the only question is, whether it diminishes it.

I had occasion to examine this question, as to the sheriff's liability, some years since, and then held the sheriff subject to the same liabilities and entitled to the same rights and

powers as special bail. (*Sartos* v. *Merceques*, 9 How. Pr., 188.) This was followed by Davies, J., in adopting a similar conclusion in *Seaver* v. *Genner* (10 Abb. Pr., 256).

I have been unable to find any case in which the insolvency of the principal has ever been considered a defense to the action against bail. In *Beddome and another* v. *Holbrook* (1 B. & P., 450), a plea that the principal had become bankrupt was held to be bad. So if the bankrupt is discharged after the bail became fixed, they were not relieved, even on motion. (*Maurice* v. *Partridge et al.*, 14 East, 599.) And it must be apparent, if a discharge from all indebtedness does not relieve the bail after they are once fixed, it can be no answer to the action that the defendant was insolvent, and, therefore, the plaintiff should not recover. It does not enter into the engagement of bail that they shall be relieved if the debtor is unable to pay the debt. On the contrary, the engagement is to produce the body of their principal so as to be amenable to process, or, in default thereof, to pay the judgment. The sheriff, by neglecting to put in sufficient bail, assumes this liability, imposed on him by the statute. Unless the debtor is amenable to the execution against the body when issued, he becomes liable to pay the judgment. It would virtually repeal the statute, which allows of the arrest of the defendant in certain cases, to hold that the sheriff might assume the right to release from imprisonment any who, in his judgment, he should consider insolvent, and to excuse him from paying damages for that act, on proof that the debtor was unable to pay.

The judgment appealed from should be affirmed.

All concur, except Mullin, J., who is for reversal.

Judgment affirmed.