## PEOPLE *ex rel.* METCALF *v.* DIKEMAN.

### December, 1868.

The sureties on the official bond of the sheriff are liable (within the amount of the bond) for his failure to respond to his statutory liability, as bail, under section 201 of the Code of Procedure, for a person arrested who fails to give or justify bail.*

Such liability is an official liability within the bond;† and the rule of

---

\* Otherwise, perhaps, where the sheriff was under no statutory liability. People *v.* Spraker, 18 *Johns.* 390.

† In SMITH *v.* KNAPP, 30 *N. Y.* 581, the complaint alleged that plaintiff, on October 20, 1854, recovered judgment for one thousand and nineteen dollars and thirty-nine cents against one Reynolds. That at the commencement of the action against Reynolds, an order of arrest requiring bail in one thousand dollars was granted, and delivered to the present defendant Knapp, as sheriff, and that he by virtue of it arrested Reynolds. That on October 10, 1854, Reynolds moved the court to vacate the arrest, and the court then denied the motion. That after judgment, and on December 11, 1854, execution against property was returned unsatisfied; and about two years thereafter (December 3, 1856), execution against Reynolds' person was issued, which the defendant, as sheriff, received, and that he returned Reynolds not found. That Reynolds did not at any time render himself amenable to the execution. That being in custody of defendant, under the order of arrest, defendant [in the spring of 1855], permitted him to escape and go at large, without plaintiff's consent, and the judgment being unpaid, "whereby defendant became liable as bail." Wherefore plaintiff demanded judgment for one thousand dollars.

*The supreme court* (GROVER, J., delivering the opinion), *held*, that the sheriff's liability, thus alleged, was that of bail, not for an escape, within section 94 of the Code; but this court, on appeal, treated the complaint as one for an escape, not on the statute liability as bail. 30 *N. Y.* 581.

The question whether the plaintiff, whose debtor escapes from custody under an order of arrest, has an election to charge the sheriff either as bail or as for an escape, was not, however, deemed to be settled by that case; and similar complaints have been held to charge him as bail. Metcalf *v.* Stryker, 31 *N. Y.* 255. Compare Bensel *v.* Lynch, 44 *N. Y.* 162; affirming 2 *Robt.* 448.

The question as to the limitation applicable to the action has been settled by 2 *L.* 1871, p. 1694, c. 733, § 2, which fixes one year as the limit for all actions against a sheriff on any liability incurred by the doing of an act in his official capacity, and in virtue of his office, or by the omis-

People *ex rel.* Metcalf *v.* Dikeman.

damages is not the loss to the creditor by the escape, but the deficiency on the judgment against the sheriff.

Hence, in an action against them in such a case, the insolvency of the principal debtor is no defense.*

Benjamin T. Metcalf and Samuel Duncan, as relators, caused this action to be brought, in the name of the people, in the supreme court, on the official bond of Burdett Stryker, sheriff of Kings, in which John Dikeman and Henry N. Conklin were sureties.

The forfeiture plaintiffs relied on was this: In an action they had previously brought against one Harriman, they had procured an order of arrest to be issued, and the sheriff had executed it by arresting Harriman, who thereupon put in an undertaking of bail; but his sureties therein failed to justify on exception being taken.

Metcalf & Duncan thereupon brought an action against the sheriff, upon his liability as bail, under section 201 of the Code, and they recovered judgment against him for the amount of their judgment against Harriman, the original debtor. Execution on this judgment against the sheriff having been returned unsatisfied, the creditors caused the present action to be brought, by leave of court, on the sheriff's official bond.

The complaint in this action, after alleging the bond, the condition of which was that "the said Burdett Stryker shall well and faithfully in all things perform and execute the duties of the office of sheriff of said county, during his continuance in said office by virtue of said appointment, without fraud, deceit or oppression,"—alleged as a breach of the condition of the bond, that Metcalf and Duncan had brought their action against Harriman, and issued an order of arrest therein on which Stryker arrested Harriman, and took from him an undertaking of bail, and made return that he had done so. That plaintiffs gave him notice that they did not accept the bail, but there was thereafter no justification or notice of justifica-

sion of an official duty, except non-payment of money collected on execution,—the sheriff's liability as bail being an official liability.

* As to the question of insolvency as matter in mitigation of damages, see Metcalf *v.* Stryker, 31 *N. Y.* 255.

tion given them; and that they subsequently recovered judgment against Harriman, and, on their issuing execution, the sheriff returned that Harriman was not found, and the judgment now remained unsatisfied. That the sheriff refused to pay said judgment, and that on suing him they recovered judgment upon his liability as bail, &c.

The answer alleged that Harriman was and had been insolvent; and the relators had sustained no damage.

On the trial, after plaintiff had proved his case, defendants moved to dismiss the complaint, on the grounds that the former action against the sheriff was for an escape, whereas the present was to charge him as bail; that the sheriff's sureties were not bound by the recovery against Harriman; that notice of non-acceptance of bail must be served personally on the sheriff to make him liable, and that it should be shown that inquiry had been made for Harriman, and that he could not actually be found. The motion to dismiss was denied, and the court also refused to admit evidence that Harriman was insolvent and plaintiff had sustained no damage by his escape. Judgment on a verdict for the amount claimed was affirmed on appeal at the general term, and defendants appealed to this court.

*Samuel Hand,* for defendants, appellants;—Insisted that the official bond did not bind the sureties to pay the sheriff's obligation as bail. The sureties are mere indemnitors, and should have been permitted to show that Harriman was worthless.

*E. C. Benedict,* for the respondent;—Insisted that the duty of bail is to produce the body or pay the judgment.

GROVER, J.—The counsel for the defendants insists, that the complaint does not state facts sufficient to maintain an action against the defendants upon the official bond of the sheriff. The complaint states all the facts necessary to show that Stryker, the sheriff, became liable as bail for Harriman pursuant to section 201 of the Code. That he was charged as such by the issuing of the necessary process upon the judgment against Harriman, and the return thereof. That the plaintiff

had prosecuted the sheriff, as such bail, to judgment, and the execution thereon had been returned unsatisfied. That the order required by statute authorizing the prosecution of the sheriff's official bond had been made by the supreme court. These facts are sufficient to maintain the action upon the bond, provided the sureties thereon are liable for the sheriff's failure to respond to his liability as bail for Harriman. This is the principal question in the case. In examining this question, it will be seen, that liability as bail is imposed upon the sheriff in consequence of his failure in causing bail to be given and justified, as required by law. That, upon arresting the party upon an order of arrest, the law imposes upon him the responsibility that legal bail shall be put in, and that, in case this is not done, he shall himself be liable as bail. *Code*, § 201. Section 203 provides, that the bail taken by the sheriff, upon the arrest, shall be liable to him for damages he may sustain from their failure to justify. It will thus be seen, that liability as bail is imposed by law upon the sheriff whenever he executes an order of arrest, and that this liability continues until discharged by law. This liability is imposed on him as sheriff, and it is his duty as sheriff to answer such liability. Section 202 provides, that, if a judgment be recovered against the sheriff upon his liability as bail, and an execution thereon be returned unsatisfied in whole or in part, the same proceedings may be had on the official bond of the sheriff, to collect the deficiency, as in other cases of delinquency. The only construction that can be put upon the above provision is, that the sureties are liable for any default of the sheriff as bail, when he has incurred such liability under the provisions of the Code. The clause authorizing proceedings upon the official bond would otherwise be wholly meaningless. This is too clear to require further examination. The only remaining question arises upon the exception taken by the defendants' counsel to the rejection of the proof offered by him, showing the insolvency of Harriman, before and at the time of his arrest, and at all times subsequent. This evidence was competent, unless the sureties were liable to the full extent of the liability of the sheriff as bail. If they were so liable, the evidence offered was immaterial. In Metcalf *v.* Stryker (31 *N. Y.* 255), it was held

by this court, that the sheriff was liable as bail for the entire amount of the judgment recovered against Harriman, not exceeding the amount specified in the order of arrest. If the action had been against the sheriff for the escape of Harriman, upon mesne process, such evidence would have been admissible in his favor, as the recovery in such cases is restricted to the damages actually sustained; but the liability of bail is different. See 31 *N. Y. supra,* and cases cited. The condition of the bond is, that the sheriff shall well and faithfully, in all things, perform and execute the duties of the office of sheriff, without fraud, deceit, or oppression. We have seen that the law not only imposes upon the sheriff the liability as bail, but also makes it his duty to discharge such liability. That his sureties are responsible for his default in this respect. They are responsible for the performance of the entire duty of the sheriff. Hence, these sureties are responsible for the entire deficiency of the judgment against the sheriff. The evidence was, therefore, properly excluded. The necessity of assigning breaches and assessing damages (2 *R. S.* 378, § 6), is no argument against this conclusion. That must be done in all cases like the present, and the damages to be assessed are, the deficiency of the judgment against the sheriff. The judgment appealed from must be affirmed.

CLERKE, J.—The first ground on which the motion to dismiss the complaint is made, is a mistake as a matter of fact. The first action against the sheriff was not for an escape, but on his liability as bail.

The second ground, that the sureties of the sheriff are not bound by the recovery against Harriman, is disposed of by section 202 of the Code of Procedure. The language is: "If a judgment be recovered against the sheriff as bail, and an execution thereon be returned unsatisfied, in whole or in part, the same proceedings may be had on the official bond of the sheriff to collect the deficiency, as in other cases of delinquency." What proceedings could be had on the official bond but an action against his sureties? The language is as intelligible as if it said, "an action may be commenced against his sureties." But, it is maintained, that, by the condition of this

official bond, they did not guaranty his sufficiency as bail; they only guaranteed that Stryker should " well and faithfully, in all things, perform and execute the duties of the office of sheriff of the county of Kings, without fraud, deceit, or oppression." Here they guaranty, that the sheriff shall well and faithfully, in all things, perform and execute the duties of his office; the putting in of bail in certain cases is made by law one of the duties of his office; and his neglect to do so is a delinquency, implying either fraud, deceit, or oppression. Indeed, section 202 denominates this neglect a delinquency, in saying " the same proceedings may be had as in *other* cases of delinquency." It is, moreover, well established, that the liability of the sureties of a sheriff, upon his official bond, is co-extensive with the liability of the sheriff himself in respect to all neglect of duty or acts he is required as sheriff to perform. But it is contended, that his neglect in this case was as bail, not as sheriff, and that his sureties are only liable for his misconduct as sheriff. Was he required to put in bail, or did he become liable as bail, in this case, in his private capacity as Burdett Stryker, or as sheriff of the county of Kings? The Code, of course, imposes this liability upon him in his official capacity. Section 202 expressly states his official liability and the consequent liability of his sureties.

As to the third ground, it was fully proved, that the notice of the non-acceptance of the undertaking was duly served upon the sheriff. Goodrich swore that the notice of the non-acceptance was served on the sheriff, August 26, 1858, at about nine o'clock A. M., by delivering the same to the under-sheriff, then in charge of the office, the sheriff being absent therefrom. This is a sufficient service; it is equivalent to personal service on the sheriff.

As to the fourth ground, we have already seen that the sheriff, in such cases as this, is liable; his default is sufficiently set forth in the complaint and proved at the trial, and, consequently, his sureties are liable; and, as to the fifth ground, no other proof is necessary to show that Harriman did not render himself amenable to the process of the court, than that an execution was issued against him, and that it was returned " not found."

The judge correctly decided, that evidence of Harriman's insolvency was inadmissible. This was in conformity with the decision of this court in Metcalf *v.* Stryker, 31 *N. Y.* 255. If this was an action for an escape, such evidence would, perhaps, be competent; but in that case and in this, the defendant was sued as bail, and his liability was equivalent to that of any other bail. The insolvency of the principal has never been considered a defense in an action against his bail.

The judgment should be affirmed, with costs.

All the judges concurred, except DWIGHT, J., who, however, did not dissent.

Judgment affirmed, with costs.