William P. Bensel, Respondent, v. James Lynch, Sheriff of the City and County of New York, Appellant.

A sheriff who, after executing an order of arrest, permits the defendant to go at large, without giving bail or making a deposit, becomes himself liable as bail.

Return of an execution against the person of such defendant " *non est*," is sufficient evidence of his escape, and that the sheriff has not retained him in custody.

In an action against the sheriff, to enforce his liability as bail, he cannot object that the order of arrest was improperly granted, or that the judgment or execution is irregular.

Nor will the sheriff be allowed to prove the debtor's insolvency in mitigation of damages.

(Argued September 27th; decided December 29th, 1870.)

Appeal from an order of the General Term of the Superior Court of the city of New York, affirming a judgment entered upon a verdict rendered by direction of the court, in favor of the plaintiff, upon exceptions heard at General Term in the first instance.

In September, 1862, the plaintiff commenced an action in the Superior Court of New York against Plin White, and upon an affidavit, obtained from one of the judges of that court an order of arrest, directed to the sheriff of the city and county of New York, requiring him to arrest White and hold him to bail in the sum of $7,000. The defendant, as sheriff, received the order of arrest, and by virtue thereof arrested White, but did not take from him any bail or deposit. Thereafter on the 24th of December, 1862, the plaintiff recovered judgment in that action, for the sum of $8,245.29, execution was issued against the property of White and returned by the defendant unsatisfied. And execution was then issued against the person, and returned by the defendant " not found."

The plaintiff then commenced this action in the Supreme Court and recovered the sum of $7,000, being the amount in which the defendant was required to hold White to bail.

Statement of case.

Upon the trial of the action the above facts appeared. At the close of the plaintiff's evidence, the defendant moved to dismiss the complaint on the grounds:

1st. That the affidavit upon which the order of arrest was obtained, did not authorize the granting of the order of arrest obtained thereon, and the defendant in this action was not liable.

2d. That the plaintiff was bound affirmatively to prove that White had actually escaped from the custody of the defendant at the time of the commencement of this action.

The court denied the motion, and the defendant excepted.

The defendant then offered evidence tending to show, in mitigation of damages, that White, at the time of the commencement of the action against him was, and ever since had been, and still is utterly insolvent, and irresponsible; and did not during all that time, and does not now, possess any real or personal property of any name or nature, or any means out of which any judgment in that action could have been collected, or any part thereof. To which evidence the plaintiff objected. The court overruled the testimony so offered and each and every part thereof, to which decision the defendant excepted.

The defendant thereupon rested.

The court directed the jury to find a verdict for the plaintiff, for the sum of $7,000, to which direction the defendant duly excepted.

The jury found a verdict for the plaintiff for $7,000, and the court directed that the exceptions be heard in the first instance, at the General Term.

A new trial having been denied at General Term, and judgment entered in favor of the plaintiff, the defendant appealed to this court.

The case below is reported 10 Bosworth, 448.

*Aaron J. Vanderpoel* for the appellant, cited *Paterson* v. *Westervelt* (17 Wend., 543); *Daguerre* v. *Orser* (10 Abb., 12 note); *Slocum* v. *Clark* (2 Hill, 475); *Ferris* v. *North Am. Fire Ins. Co.* (1 Hill, 71); *Lover* v. *Plomer* (15 East, 320);

*Eaton* v. *Ozier* (2 Green., 46); *Wild* v. *Bartlett* (10 Mass., 470); *Nye* v. *Smith* (11 Mass., 188); *Shackford* v. *Goodwin* (13 Mass., 187); *Rawson* v. *Dole* (2 John., 554); *Thomas* v. *Weed* (14 John., 255); *Littlefield* v. *Brower* (2 Wend., 401); *Gallarati* v. *Orser* (27 N. Y., 324).

*John E. Parsons* for the respondent, cited *Stever* v. *Somberger* (24 Wend., 275); *Gregory* v. *Levy* (12 Barb., 610); *Jewett* v. *Crane* (35 Barb., 208); *Hinman* v. *Brees* (13 John., 529); *Cable* v. *Cooper* (15 John., 152); *Jones* v. *Cook* (1 Cow., 309); *President, etc., Ontario Bank* v. *Hallet* (8 Cow., 192); *Bradley* v. *Bishop* (7 Wend., 353); *Bloomer* v. *Lane* (10 Wend., 525); *McArthur* v. *Pease* (7 Wend., 423); *Metcalf* v. *Stryker* (10 Abb., 12); *Levy* v. *Nicholas* (19 Abb., 282); Dougl., 330; Cowp., 71; *Treadwell* v. *McKeel* (2 John. Cas.; 340); *Hale* v. *Russ* (1 Greenl., 336); *Champion* v. *Noyes* (2 Mass., 484); *Harrington* v. *Denio* (13 Mass., 94); *Appleby* v. *Robinson* (44 Barb., 316); *Simmons* v. *Bradford* (15 Mass., 82); *Seely* v. *Brower* (14 Pick., 177); *Heppel* v. *King* (7 D. & E., 370); *Sartos* v. *Merceques* (9 How., 188); *Seaver* v. *Genner* (10 Abb. 256).

EARL, C. By virtue of an order of arrest, it is the duty of the sheriff to arrest the defendant and keep him in custody until he shall be discharged by law, unless he shall give bail or make a deposit under sections 186, 187 of the Code. The undertaking of the bail is " that the defendant shall at all times render himself amenable to the process of the court during the pendency of the action, and to such as may be issued to enforce the judgment therein."

Section 201 provides: " If, after being arrested, the defendant escape, or be rescued, or bail be not given or justified, or a deposit be not made instead thereof, the sheriff shall himself be liable as bail." And, when the sheriff becomes bail under this section, he is liable, in the same manner and to the same extent, as the bail would have been, if bail had been put in, and had justified; and he is entitled to the same rights and

powers as bail. (*Metcalf* v. *Stryker*, 31 N. Y., 255.) It was finally settled, in this case of *Metcalf* v. *Stryker*, that, when the sheriff is sued as bail, he cannot give evidence of the debtor's insolvency in mitigation of damages.

The sheriff, when sued for an escape, or as bail, cannot object that the order of arrest was improperly or irregularly granted, or that there was error or irregularity in the judgment or execution. The order of arrest justifies the sheriff in making the arrest, and, unless set aside, justifies the execution. (*Jarvis* v. *Cook*, 1 Cow., 309; *President, etc., of the Ontario Bank* v. *Hallet*, 8 id., 192; *Gregory* v. *Levy*, 12 Barb., 610; *Jewett* v. *Crain*, 35 id., 208; *Smith* v. *Knapp*, 30 N. Y., 581.)

The return, "not found," upon the execution against the person, was sufficient evidence against the sheriff of the escape of the debtor, and that the sheriff had not retained him in custody. (2 R. S., 382, § 31; *Bradley* v. *Bishop*, 7 Wend., 353; *Bloomer* v. *Lewis*, 10 id., 525.)

It is claimed, on the part of the defendant, that this is not an action against the sheriff as bail, but for an escape. This claim does not appear to have been made at the trial. It should have been distinctly made there, before it can be available here. This was treated by the court at the trial as an action against the sheriff as bail. If, upon the complaint, it was uncertain whether this was such an action, or an action for an escape, if the objection had been made, the court could have allowed an amendment to obviate the uncertainty. But, while the complaint does not allege, in so many words, that the defendant is held as bail, yet all the facts making him liable as bail are alleged, and the amount mentioned in the order of arrest only (which is more than $1,000 less than the judgment) is claimed; and this sum is claimed, not upon the allegation of any damages, but on the ground that the defendant, "by reason of the premises, became liable to the plaintiff" for that sum. If the action had been for an escape, it would have been more appropriate to have claimed the whole amount of the judgment, and to have alleged damages

to that amount. I am of the opinion, therefore, that this must be held to be an action against the defendant as bail.

Having thus examined all the allegations of error, and finding none, I am in favor of affirming the judgment, with costs.

All concur for affirmance.

Judgment affirmed, with costs.