## SUPREME COURT.

ALICE DOUGLAS, appellant, agt. WILLIAM T. WARREN, respondent.

ALICE DOUGLAS, appellant, agt. JOSEPH L. HABERSTRO, as sheriff, &c., respondent.

*Action against sheriff for an escape — Liability therefor — How he may exonerate himself — What is a second escape — A coroner cannot act in the place of the sheriff in holding the prisoner — Code of Civil Procedure, sections 172, 587, 589, 595, 591, 592.*

Where an action was commenced by plaintiff against the defendant and he was arrested by the sheriff, who took from him an undertaking signed by two sureties, who failed to justify on being excepted to:

*Held*, that upon the failure of the sureties to justify the sheriff became liable as bail. The sureties were not liable thereafter as bail, but they remained liable to the sheriff for all damages which he might sustain by reason of their omission to justify.

Where the sheriff is liable as bail he has all the rights and privileges, and is subject to all the duties and liabilities of bail. One of the rights and privileges of bail is, that they may surrender the defendant in their own exoneration. Such surrender, however, must be made to the sheriff.

When the sheriff seeks to exonerate himself from liability as bail by surrendering the defendant, he must rearrest him and surrender him to the custody of the jail. He cannot exonerate himself by surrendering him to the coroner, as the coroner has no right to receive him or to detain him in custody.

Douglas agt. Warren.

It is only when the sheriff is a party to the action, in which the order of arrest was issued, that the coroner is authorized to act.

*Fourth Department, General Term, June,* 1879.

, APPEAL from an order of the Erie special term, in both of the above entitled actions, exonerating the sheriff, the defendant in the second action, and the bail put in by the defendant in the first action, from liability in said actions, upon paying the costs of the second action, and the costs of opposing the motion, and ordering the said second action to be discontinued on payment of said costs.

*John Campbell Hubbell,* for appellant.

*George W. Cothren,* for respondents.

SMITH, *J.* — The plaintiff commenced an action against the defendant, Warren, and caused him to be arrested by the sheriff, Haberstro.

The sheriff took from him an undertaking signed by two sureties, who failed to justify on being excepted to by the plaintiff. The plaintiff obtained a judgment against Warren, and an execution against his property was returned unsatisfied, and one against his person, that he could not be found. The second action was then commenced against the sheriff. During its pendency, and within twenty days after its commencement, the bail in the first action surrendered the defendant, Warren, and the sheriff received him into his custody. Instead of keeping him, the sheriff surrendered him to one of the coroners of the county of Erie, who permitted him to go at large on giving a new undertaking. Thereafter, the sheriff and the bail in the first action gave notice of the motion, which resulted in the order from which this appeal is taken.

Upon the failure of the sureties, in the first undertaking, to justify, the sheriff became liable as bail (*Sec.* 587 *of Code of*

Douglas agt. Warren.

*Civil Procedure*). The sureties were not liable thereafter as bail (*Clapp* agt. *Schutt*, 44 *N. Y.*, 104), but they remained liable to the sheriff, for all damages which he might sustain by reason of their omission to justify (*Sec.* 589, *Code Civil Procedure*). Section 595 of the Code of Civil Procedure provides, that when the sheriff is liable as bail, he has all the rights and privileges, and is subject to all the duties and liabilities, of bail. One of the rights and privileges of bail is, that they may surrender the defendant in their own exoneration (*Sec*, 591, *Code Civil Procedure*). But, by the express terms of the statute, the surrender must be made to the sheriff (*Code Civil Procedure*, secs. 591, 592). When the sheriff seeks to exonerate himself from liability as bail, by surrendering the defendant, he must rearrest him, and surrender him to the custody of the jail (*Sartos* agt. *Merceques*, 9 *How. Pr.*, 188 ; *Brady* agt. *Brundage*, 59 *N. Y.*, 310). The sheriff seems to have supposed that it was his duty to surrender the defendant to the coroner. But he was under no such duty, and the coroner had no right to receive him or to detain him in custody. There was no order of arrest or process directed to the coroner. The sheriff was not a party to the action in which the order of arrest was issued, and so the case was not within the statute authorizing the coroner to act where the sheriff is a party (*Code Civil Procedure*, sec. 172). The undertaking taken by the coroner was a nullity, and if the sheriff is exonerated the plaintiff is without remedy.

Independently of the other points made by the appellant's counsel, it follows, from these views, that the order appealed from should be reversed.

Order reversed, with ten dollars costs, and disbursements.