### ZENNER *v.* BLESSING.

*(City Court of New York, General Term.* May 6, 1889.)

1. ESCAPE—WHAT AMOUNTS TO—STAY OF EXECUTION.

A city marshal was directed by an execution issued from a district court to satisfy the same out of the debtor's property, and, if sufficient property could not be found, to arrest him and commit him to jail, there to remain until he paid the judgment or was lawfully discharged. While the debtor was in the custody of the marshal, the latter was served with an order to show cause why the judgment should not be opened by a temporary stay. He took the prisoner to the court-house of the district judge, who had departed. The hearing of the motion was adjourned, and the marshal voluntarily allowed the prisoner to go at large. *Held,* an escape. Even if the district judge had power to grant a stay after final judgment, the one granted did not authorize the debtor's discharge.

2. SAME—MEASURE OF DAMAGES.

The measure of damages in an action for an escape is the amount of the judgment, and proof of the debtor's insolvency is inadmissible. The officer's good faith is also immaterial.

Appeal from trial term.

Action by Barbara Zenner against Thomas J. Blessing. From a judgment on a verdict directed in favor of plaintiff, defendant appeals.

Argued before McADAM, C. J., and BROWNE and McGOWN, JJ.

*Nathan Lewis,* for appellant. *E. R. Root,* for respondent.

PER CURIAM. The defendant, a city marshal, received an execution issued on a judgment recovered in an action in the Eighth judicial district court against one Melvin. The execution commanded the marshal to satisfy the judgment out of the personal property of the defendant Melvin, and, if sufficient personal property could not be found, to arrest the said Melvin, and commit him to the jail of the county, there to remain until he paid the judgment, or was discharged according to law. Under this execution, the defendant, as city marshal, arrested the judgment debtor, April 29, 1887, and while in his custody, under the execution, the marshal was served with an order to show cause why the judgment should not be opened with a temporary stay. He thereupon took his prisoner to the court-house of the district judge, who had in the mean time departed. The hearing of the motion was adjourned, and the defendant voluntarily allowed his prisoner to go at large. It is hardly necessary to say that this constituted a clear case of escape, for which the defendant is liable. The stay granted by the district court judge, even if he had power to grant one after final judgment, did not authorize the discharge of the execution debtor. By analogy, see *Smith* v. *Allen,* 2 E. D. Smith, 259; *Glover* v. *Whittenhall,* 6 Hill, 597. We think the judge had no power to grant the stay, and that the marshal should have disregarded it. The power to grant such stay is not expressly conferred by law upon district court judges, and they cannot take it by implication. The measure of damages in an action for an escape is the amount of the judgment, and proof of the debtor's insolvency cannot be received in mitigation. *Bensel* v. *Lynch,* 44 N. Y. 162:

*Danford* v. *Weaver*, 84 N. Y. 446; *Metcalf* v. *Stryker*, 31 N. Y. 255. There was nothing to go to the jury. The facts were undisputed, and the verdict in favor of the plaintiff was properly directed. The defendant probably acted in good faith, and under a misconception of his duty in the premises, which was plain, but the liability to err is a risk every ministerial officer takes, and must make good when called upon to answer. The penalty in this case is the payment of the judgment he undertook to collect by taking the judgment debtor to jail. He should have obeyed the command of the writ, and left the debtor there, to remain until discharged by payment or legal process. We find no error in the record, and the judgment appealed from must be affirmed, with costs.