Decree of revocation reversed and the original decree affirmed, with costs in this court and in the Surrogate's Court to the appellant against the respondent.

———————

ABRAM FREDERICK, Appellant, *v.* THE CITY OF JOHNSTOWN and Others, Defendants; P. GARDNER COFFIN, Respondent.

*Appeal — when exceptions are necessary to a review of a decision.*

Neither the facts nor the law can be reviewed on an appeal from a judgment entered upon a decision containing specific findings of fact and law, where no exceptions were filed to the decision or to the findings as required by section 994 of the Code of Civil Procedure, and where no statement is made that the case contains all the evidence.

APPEAL by the plaintiff, Abram Frederick, from a judgment and order of the Supreme Court in favor of the defendant P. Gardner Coffin, entered in the office of the clerk of the county of Fulton on the 17th day of April, 1899, upon the decision of the court, rendered after a trial at the Fulton Trial Term, decreeing that the defendant P. Gardner Coffin is entitled as owner to the balance due on a certain contract between the defendant the city of Johnstown and the defendant John F. Harris, Jr., in the hands of the city.

This action was to enforce a mechanic's lien against a fund held back by the city of Johnstown upon a contract for street improvements made with defendant John F. Harris, Jr. The plaintiff was employed upon the work by Harris. Prior to the commencement of the work the contract and all the money to be paid under it were assigned to the defendant P. Gardner Coffin.

The action was tried before the court without a jury, and a decision made by the court, with specific findings of fact and law and judgment thereon, was entered against plaintiff.

No exceptions were filed to the decision or to the findings, and no statement is made that the case contains all the evidence.

*M. D. Murray* and *R. P. Anibal*, for the appellant.

*Clarence E. Bloodgood*, for the respondents.

PER CURIAM:

By failure to file exceptions, as provided for by section 994 of the Code of Civil Procedure, and by omitting the statement that the case contained all the evidence, the appellant does not call upon this court to review either the facts or the law. (*Otten* v. *Manhattan R. Co.*, 150 N. Y. 400; *Waydell* v. *Adams*, 23 App. Div. 508.)

The exceptions taken upon the trial to the admission and to the exclusion of testimony do not call for a reversal.

All concurred.

Judgment affirmed, with costs.