ANDREW BUCZYNSKI, Appellant, *v.* GUST A. ANDERSON, as Sheriff of Chautauqua County, N. Y., Respondent.

Fourth Department, November 15, 1916.

Sheriff — liability for escape of person held on body execution — distinction between liability for escape and as bail — practice — statutes construed — appeal — review of decision on trial without jury.

In an action against a sheriff brought solely for the escape of a person held upon a body execution the plaintiff can recover only such damages as he has sustained, and the complaint should be dismissed where it appears that the prisoner was and remains insolvent and without property out of which the execution could be satisfied, for under the circumstances the plaintiff has not been damaged by the escape.

But where the sheriff has become liable as bail and the action is of that nature, the insolvency of the prisoner who escaped is no defense and cannot be shown in mitigation of damages.

The distinction between the liability of the sheriff for an escape only and his liability as bail, was not changed by the enactment of section 158 of the Code of Civil Procedure.

*It seems,* that where a sheriff is liable as bail for an escape under section 587 of the Code of Civil Procedure, he has all the rights and privileges and is subject to all the duties and liabilities of bail, and hence by virtue of section 597 of the Code of Civil Procedure an action cannot be brought against him until an execution against the property of the debtor has been issued to the sheriff of the county in which he was arrested and returned wholly or partly unsatisfied, and, also, an execution has been issued against the person of the debtor to the same sheriff and by him returned, not less than fifteen days after the receipt, to the effect that the debtor cannot be found within his county.

Before an execution can issue against the person of a judgment debtor who is a resident of this State, there must have been an execution against his property in the county in which he resides, as well as an execution in the county in which he was arrested.

Proof that a judgment debtor is out of the State does not establish that he is not a resident of the State at the time of the issuance of an execution, for he may be without the State and still be a resident.

In order that a judgment creditor may maintain an action against the sheriff as bail, he must allege and prove the matters relating to the issuance of executions prescribed in section 597 of the Code of Civil Procedure as part of his affirmative case.

By virtue of section 993 of the Code of Civil Procedure the Appellate Division on an appeal from a judgment entered upon the report of a referee or from the decision of a court on a trial without a jury, may review all questions of fact and of law, and may either modify or affirm the judgment or order appealed from, award a new trial, or may grant to either party the judgment which the facts warrant. It is not necessary that the appellant file exceptions to the decision of the trial court.

But the court will affirm a judgment dismissing a complaint in an action against the sheriff for an escape made upon the ground that no damage was established, where the plaintiff has neither alleged nor proved the facts essential to make out a liability as bail against the defendant.

APPEAL by the plaintiff, Andrew Buczynski, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Chautauqua on the 30th day of December, 1915, upon the decision of the court, a jury having been waived, and also from an order entered in said clerk's office on the 6th day of January, 1916, denying plaintiff's motion for a new trial made upon the minutes.

*Thomas H. Larkins,* for the appellant.

*Glenn W. Woodin,* for the respondent.

KRUSE, P. J.:

The principal question here is whether a case was made out to hold the defendant sheriff liable as bail, or only for an escape. Concededly, Ruszowski, whom the sheriff had arrested under the order of arrest, escaped, and according to the sheriff's return upon the body execution thereafter issued upon the judgment, he was not found within the sheriff's county.

If a case for an escape, merely, was made out, the plaintiff could recover only such damages as he had sustained.

The trial judge found upon sufficient evidence that the prisoner was insolvent and without property out of which the execution could be satisfied, and has continued to be insolvent, and decided that plaintiff had not sustained any damages, and dismissed the complaint.

I think that was a proper disposition if the action was for an escape, but if the defendant sheriff had become liable as bail and the action was of that nature, and the case was made out, the insolvency of the prisoner was no defense and could not be shown in mitigation of damages. (*Metcalf* v. *Stryker,* 31 N. Y. 255; *Bensel* v. *Lynch,* 44 id. 162.) The differences in the actions and the pleadings therein are pointed out by the Court of Appeals in *Smith* v. *Knapp* (30 N. Y. 592).

It is said that section 158 of the Code of Civil Procedure, which superseded the provisions of the Revised Statutes upon that subject, effected a change in the law; but I think the provisions of the Revised Statutes and of section 158 of the Code are substantially alike as regards the question under consideration. Under each statute the sheriff is made liable for an escape of a prisoner arrested upon mesne process to the extent of the damages sustained by the aggrieved party. (Code Civ. Proc. § 158; 2 R. S. 437, §§ 62, 63.) But there is nothing in either statute which thus limits the liability of the sheriff as bail, and long after the enactment of section 158 of the Code the distinction between the two actions was recognized by the Court of Appeals. (*Flack* v. *State of New York,* 95 N. Y. 461, 470.) I do not think the decision in *Dunford* v.

*Weaver* (84 N. Y. 445) is an authority for the proposition that the liability of the sheriff as bail is thus limited. The action there was for an escape, and what was said upon the subject of the sheriff's liability related to an action of that kind.

Under the express provisions of the Code of Civil Procedure the sheriff is made liable as bail for an escape in a case like this (Code Civ. Proc. § 587); but where the sheriff is so liable he has all the rights and privileges and is subject to all the duties and liabilities of bail (Code Civ. Proc. § 595), and section 597 of the Code expressly provides that an action cannot be brought against the bail until (1) an execution against the property of the defendant has been issued to the sheriff of the county in which he was arrested and returned wholly or partly unsatisfied, and (2) an execution has been issued against the person of the defendant to the same sheriff and by him returned not less than fifteen days after its receipt, to the effect that the defendant cannot be found within his county.

Section 1489 of the Code further provides that an execution against the person of a judgment debtor shall not be issued until an execution against his property has been returned wholly or partly unsatisfied, and that if he is a resident of the State an execution against his property must have been issued to the sheriff of the county where he resides. So that if a judgment debtor is a resident of the State an execution must be issued to the county in which he resides, as well as to the county in which he was arrested, before an execution can issue against his person. (*Tiffany* v. *Harvey*, 216 N. Y. 300.)

There is no allegation in the complaint that an execution against the property of the judgment debtor was issued to the county where he resides, or that he was a non-resident of the State. Neither is there any such finding, nor evidence to sustain such finding if one were made. It is true that it appears by the return upon the body execution (issued April 6, 1914, and returned June 30, 1914) that Ruszowski was out of the State, but that does not establish that he was not a resident of the State at that time, nor even that he was out of the State when the property execution was in the hands of the sheriff (issued December 8, 1913, and returned January 30, 1914). He might be out of the State and still be a resident.

While section 599 of the Code provides that in an action against the bail it is a defense that the executions have not been issued as prescribed in section 597, under the express provisions of the latter section such an action cannot be brought until the requisites respecting the executions have been complied with, thus making it necessary for the plaintiff to allege and prove these facts as a part of his affirmative case. Such I understand to be the decision of the Court of Appeals in the *Tiffany Case* (*supra*), where it was not only held that sections 597 and 1489 of the Code should be read and construed together, but that the plaintiff having failed to show that the defendant in the original action was not a resident of the State, or that an execution against his property had been issued to the county where he resided, it did not appear that a valid execution against the person had been issued, and that without such proof the action could not be maintained. The judgment of the Appellate Division was, therefore, reversed by the Court of Appeals and that of the Trial Term, which was in favor of the defendant, affirmed.

It is further urged upon the part of the defendant that the plaintiff not having filed any exceptions to the decision of the trial court, we have no power to review the judgment. I think that is not so. Under the provisions of section 993 of the Code the Appellate Division on an appeal from a judgment entered upon the report of a referee or the decision of a court, on a trial without a jury, may review all questions of fact and of law, and may either modify or affirm the judgment or order appealed from, award a new trial, or grant to either party the judgment which the facts warrant. So far as the decisions in *Frederick* v. *City of Johnstown* (47 App. Div. 221) and *Dearing* v. *Independent Union Telephone Co.* (145 id. 152) are at variance with the later decisions of the Court of Appeals and the Appellate Division, they must, of course, be disregarded. (*Wright* v. *Smith*, 209 N. Y. 249; *Bissell* v. *Myton*, 160 App. Div. 268; affd., 214 N. Y. 672.)

The difficulty here, however, is that while we may review the facts, the plaintiff has neither alleged nor proved the essential facts to make out a liability as bail against the defendant. As a matter of law upon the facts as found or upon the facts as

they could be found from the evidence, the plaintiff has failed to make out such a cause of action, and having failed to prove any damages resulting from the escape alone, we cannot hold that the court erred in dismissing the complaint.

Defendant also contends that the cause of action has become barred by the one-year Statute of Limitations, but in view of the conclusion reached upon the merits we need not pass upon that question.

The judgment and order should be affirmed, with costs.

All concurred.

Judgment and order affirmed, with costs.