BENEDICT B. TALBOT, Appellant, *v.* NEW AMSTERDAM
CASUALTY COMPANY, Respondent.

Action for divorce — arrest of defendant for non-payment
of alimony — bail given for release of defendant — action
against surety on bail bond after defendant had absconded
without complying with order and judgment for payment of
alimony — when surety of bail bond liable.

1. A defendant in an action for divorce, who was in default for
non-payment of alimony, and had been arrested on the ground that
he was a non-resident and committed to jail, gave bail by delivering
to the sheriff an undertaking executed by the defendant herein, a
casualty company, in accordance with the statute (Code Civ. Pro.
§ 575, subd. 1). Afterward an order adjudging him in contempt
and fining him for non-payment of alimony was entered and an
attempt made to serve it upon him, but failed because he could not
be found. Thereafter plaintiff served the bail with notice that the
principal be produced in accordance with the undertaking and that
in default of his production suit would be brought. The demand was
not complied with and this action was begun. The bail, the defendant
herein, is liable. It has undertaken that its principal will obey the
direction of the court by paying a final judgment which called for the
payment of alimony at a stated rate and that in default thereof the
principal will at all times render himself amenable to proceedings
to punish him for the omission. He has not paid and has absented
himself when sought, and it is the duty of the bail to produce him
when his presence is essential to the enforcement of the judgment.

2. It is contended that the requirement of the undertaking is
satisfied because the principal was served with the order to show
cause, and subjected himself then to the jurisdiction of the court.
This was not sufficient. Such an interpretation would make the
undertaking worthless. A defendant does not render himself amenable
to a proceeding to punish him for an omission by appearing at the
beginning of the proceeding and absconding at the end.

3. The contention that the undertaking, in securing performance of
the directions of an order or a judgment, is limited to directions con-
tained in an order or judgment subsequently made is untenable. Final
judgment had been entered when the order of arrest was granted and
the undertaking given. There could be no subsequent direction.
The suggested restriction of the undertaking would destroy it
altogether.

4. It is claimed that there was laches because the order adjudging the contempt could have been served at the jail if the plaintiff had moved quickly. She had no warning, so far as the record shows, that bail was to be given. The statute (Code Civ. Pro. §§ 573, 577, 587) does not provide for notice to a plaintiff in advance of the sheriff's acceptance of the undertaking. In such circumstance, no reason was apparent for extraordinary diligence. But laches, if it existed, would not establish a defense. The position of bail differs from that of ordinary sureties, since they may put an end to their liability by the surrender of the principal. (*Toles* v. *Adee*, 84 N. Y. 222, 239, distinguished.)

*Talbot* v. *New Amsterdam Casualty Co.*, 205 App. Div. 525, reversed.

(Argued November 23, 1923; decided December 27, 1923.)

APPEAL from a judgment, entered June 1, 1923, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict directed by the court and directing a dismissal of the complaint.

*Richard B. Hand* and *Matthew B. Sentner* for appellant The judgment entered on the verdict directed at Trial Term should be reinstated. (*Toles* v. *Adee*, 84 N. Y. 222.)

*Jerome C. Jackson* and *Kevie Frankel* for respondent. The contract of surety must be strictly construed and sureties are liable only when brought within the exact terms of their contract. (*Bristol* v. *Graff*, 79 App. Div. 426; *McCluskey* v. *Cromwell*, 11 N. Y. 593; *Barns* v. *Barrow*, 61 N. Y. 39; *People* v. *Pennock*, 60 N. Y. 421; *Thomson* v. *American Surety Co.*, 170 N. Y. 109; *People* v. *Backus*, 117 N. Y. 196; *Matter of Robinson*, 203 N. Y. 380; *Richardson* v. *County of Steuben*, 226 N. Y. 13; *Bank* v .*Valentine*, 155 App. Div. 91; *Thayer* v. *Erie County Savings Bank*, 160 App. Div. 300; *Auchincloss* v. *U. S. F. & G. Co.*, 190 App. Div. 6; *Josephi* v. *Creston Co.*, 188 App. Div. 97.) The obvious purpose of the undertaking was that Hayden Talbot would obey the direction of the court contained in any subsequent order of the court or Any default thereof and would render himself amenable

to proceedings to punish him for the omission. (*Bristol* v. *Graff*, 79 App. Div. 426.) The plaintiff was guilty of laches. (*Toles* v. *Adee*, 91 N. Y. 562.)

CARDOZO, J. Plaintiff obtained on March 12, 1913, a final judgment of divorce from her husband, Hayden Talbot, with alimony at the rate of $75 a month. More than eight years later, on June 8, 1921, she obtained an order of arrest under Code Civil Procedure (§ 550), on the ground that her husband was a non-resident, and that there was danger that by reason of such non-residence the judgment, which required " the performance of an act, the neglect or refusal to perform which would be punishable by the court as a contempt," might be rendered ineffectual. Such an order may be granted either before or after final judgment (Code Civ. Pro. § 551). On June 9, 1921, Mr. Talbot was committed to the county jail under this order of arrest, and held in bail in the sum of $3,000. On August 22, 1921, he gave bail by delivering to the sheriff an undertaking executed by the defendant, New Amsterdam Casualty Company, in accordance with Code Civil Procedure, section 575, subdivision 1. This undertaking provides that " the above named defendant, arrested as aforesaid, will obey the direction of the court, or of an appellate court, contained in an order or judgment requiring him to perform the acts specified in the order, or in default of his so doing that he will at all times render himself amenable to proceedings to punish him for the omission." At the date of this undertaking the husband was already in default by reason of the non-payment of alimony in the sum of $12,470; a motion to punish him for contempt had been made on June 21, 1921, while he was in jail under the order of arrest; and on July 6, 1921, while he was still in jail, an order adjudging him in contempt and fining him $12,470 had been entered. Service of the latter order was delayed until

after his release, but on January 7, 1922, the sheriff made return that he could not be found. Thereafter and on January 16, 1922, plaintiff served the bail with a notice that the principal be produced in accordance with the undertaking, and that in default of such production suit would be begun. The demand was not complied with, and this action followed. The Trial Term directed a verdict for the plaintiff. The Appellate Division reversed and dismissed the complaint.

We think the bail is liable. The defendant has undertaken that its principal will obey the direction of the court contained in an order or judgment requiring him to perform the acts there specified. He has not obeyed those directions. At the date of the undertaking there existed a final judgment which called for the payment of alimony at a stated rate. The duty thus imposed was a continuing one until discharged by payment. Payment has not been made. The defendant has also undertaken that in default of obedience, the principal will at all times render himself amenable to proceedings to punish him for the omission. This also he has not done. An order has been made, and by absenting himself when sought, he has frustrated its enforcement. In theory of law the principal is in the custody of his bail (*Toles* v. *Adee,* 84 N. Y. 222, 240). The duty of the bail is to produce him when his presence is essential to the enforcement of the judgment.

The point is made for the defendant that the requirement of the undertaking is satisfied because the principal was served with the order to show cause, and subjected himself then to the jurisdiction of the court. This is said to be sufficient. So narrow an interpretation would make the undertaking worthless. A defendant does not render himself amenable to a proceeding to punish him for an omission by appearing at the beginning of the proceeding and absconding at the end.

The point is also made that the undertaking, in securing

performance of the directions of an order or a judgment, is limited to directions contained in an order or a judgment subsequently made. We read its meaning otherwise. Final judgment had been entered when the order of arrest was granted and the undertaking given. There could be no subsequent direction. The suggested restriction of the undertaking would destroy it altogether (*Scofield* v. *Churchill*, 72 N. Y. 565).

There is some point of a defense of laches. The order adjudging the contempt could have been served, it is said, at the jail if the plaintiff had moved quickly. She had no warning, so far as the record shows, that bail was to be given. The statute does not provide for notice to a plaintiff in advance of the sheriff's acceptance of the undertaking (Code Civ. Pro. §§ 573, 577, 587). In such circumstances, no reason was apparent for extraordinary diligence. But laches, if it existed, would not establish a defense. *Toles* v. *Adee* (84 N. Y. 222; 91 N. Y. 562), cited to the contrary, is a case where a surety made request of the creditor that he proceed against the debtor, and was held discharged by the refusal (84 N. Y. at p. 239). Here there was no request, and even if one were shown, the position of bail differs from that of ordinary sureties, since they may put an end to their liability by the surrender of the principal (91 N. Y. 562). The defendant got its principal out of jail by the execution of an undertaking, and now urges the fact that he is out as a reason why the undertaking should be considered ineffective.

The judgment of the Appellate Division must be reversed, and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

HISCOCK, Ch. J., HOGAN, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.