PEARL ANN SLAGLE, Respondent, *v.* SAMUEL J. BURDEN, Sheriff of the County of Queens, Appellant.

Second Department, October 16, 1933.

*Frederick W. Ritter,* for the appellant.

*Reginald Field,* for the respondent.

KAPPER, J. Plaintiff's action against the defendant sheriff is set forth in the complaint in four causes of action, the first and second of which are substantially alike, judgment being demanded in said two causes of action for the sum of $5,000. The third and fourth causes of action, also substantially alike, claim plaintiff to be entitled to judgment in the sum of $3,030.

The basis of the plaintiff's claim is the escape of her husband from the sheriff's custody.

Plaintiff sued her husband for a separation, in which action she obtained a judgment on February 27, 1929, the judgment requiring the husband to pay for her support the sum of $30 per week. On October 4, 1928, an order of arrest of the husband was issued with the direction to the sheriff to hold him to bail in the sum of $5,000 so as to obtain obedience to any order or judgment of the court with reference to the payment of alimony and to render himself amenable to any proceedings to punish him for the omission. This order of arrest recited that the husband " is about to depart from this State by reason of which departure there is a danger that a judgment or order requiring the performance of the said act [the payment of alimony] will be rendered ineffectual." It appears that this order of arrest was not executed until April, 1931. The husband gave an undertaking which admitted him to the liberties of the jail, but thereafter, and on February 8, 1932, the surety surrendered him to the sheriff and was exonerated and discharged from liability on said undertaking. On July 9, 1932, the husband escaped from the Queens county jail, where he was confined under the order of arrest. The escape is admitted, and the prisoner has never been retaken.

Under section 827 of the Civil Practice Act the order of arrest was properly served after final judgment.

While in custody subsequent to the surrender by his surety, the husband was adjudged in contempt for the non-payment of alimony, which at that time amounted to the sum of $3,030, and as punishment he was ordered committed to the jail where he was then confined and to there remain until such fine should be paid or until his discharge according to law.

For the escape referred to, the plaintiff sued the sheriff and has obtained a summary judgment upon both claims, namely, the $5,000, for which he was held by the sheriff as bail under the order of arrest, and the $3,030, the amount for which he was adjudged in contempt.

Under section 526 of the Correction Law the sheriff is declared answerable " for the debt, damages, or sum of money, for which the prisoner was committed " in cases where a civil prisoner in a sheriff's custody has escaped. This would seem to clearly cover the third and fourth causes of action seeking a recovery of the $3,030 for which the prisoner was adjudged in contempt and committed.

The more arguable question relates to the $5,000 bail for which the sheriff was directed to hold the husband. It is urged by the

appellant that plaintiff is required to prove that the escape caused her to be damaged in a specific sum. The distinction between a sheriff's liability " as bail " and for damages for " an escape " is pointed out in *Buczynski* v. *Anderson* (174 App. Div. 790, 792). In that case a body execution was issued against one Ruszowski whom the sheriff had arrested under an order of arrest and who had thereafter escaped, so that the sheriff's return upon the body execution thereafter issued upon the judgment was to the effect that Ruszowski was not found. It was held that if the case was solely for an escape " plaintiff could recover only such damages as he had sustained." The trial court found that Ruszowski was insolvent and that a property execution could not be satisfied, and that, therefore, plaintiff had not suffered damages. KRUSE, P. J., said that the trial court had made a proper disposition " if the action was for an escape, but if the defendant sheriff had become liable as bail and the action was of that nature, and the case was made out, the insolvency of the prisoner was no defense and could not be shown in mitigation of damages."

It may be said in passing that the complaint at bar does not claim the $5,000 bail as damages. It recites the facts and closes by alleging " That by reason of the premises * * * plaintiff is entitled to judgment against the defendant herein in the sum of $5,000." A similar allegation was held in *Bensel* v. *Lynch* (44 N. Y. 162, 165), as predicating the action for the amount of bail and not for damages for an escape.

This distinction between an action for damages for an escape and one against the custodian or sheriff " as bail " seems to prevail. The cases hold that the sheriff, when proceeded against as bail, cannot show the debtor's insolvency in mitigation of damages. (*Metcalf* v. *Stryker*, 31 N. Y. 255; *Bensel* v. *Lynch*, supra; *Buczynski* v. *Anderson*, supra.) In theory of law, the principal is in the custody of his bail, and the duty of the bail is to produce him when his presence is essential to the enforcement of the judgment. (*Talbot* v. *New Amsterdam Casualty Co.*, 237 N. Y. 245, 248.) Section 201 of the old Code of Procedure, which provided that " If, after being arrested, the defendant escape * * * the sheriff shall himself be liable as bail " (see statute referred to in the *Metcalf* and *Bensel* cases, supra), is now substantially section 861 of the Civil Practice Act in so far as concerns the liability of the sheriff " as bail."

No legal distinction exists between the sheriff's liability and that of sureties where an order of arrest requires that the defendant should be personally amenable to the process of the court. The

liability of the surety in the *Talbot Case* (*supra*) would have been a liability of the sheriff had the undertaking not been given.

There are presented here two distinct liabilities: one, as bail, and the other, the contempt order. Even had the husband paid the amount of the fine imposed by the contempt order, the sheriff would still be required to hold him under the order of arrest so as to obtain obedience to the direction of the court requiring the payment of alimony that might thereupon and thereafter accrue.

No defense is presented to either of the two claims, the escape being conceded. The husband's present whereabouts is not disclosed and the sheriff concedes he cannot be found. The result is that plaintiff's security to the extent of the amount of bail has been destroyed or rendered ineffectual. The case does not present an instance of a body execution sued upon after the return unsatisfied of an execution against the property following the entry of a money judgment. Apart from *Talbot* v. *New Amsterdam Casualty Co.* (*supra*), no case is called to our attention where the escape was that of the defendant husband in a matrimonial action who had been arrested and held to bail in order that the court's direction regarding payment of alimony shall be obeyed. Where an order of arrest requires the sheriff to hold the prisoner in a fixed amount as bail to await the further order of the court, the sheriff's failure after arrest to so hold and the subsequent escape of the prisoner render the sheriff liable as bail for his failure to discharge his official obligation.

The order directing summary judgment and the judgment entered thereon should be affirmed, with ten dollars costs and disbursements.

Present — LAZANSKY, P. J., KAPPER, HAGARTY, CARSWELL and TOMPKINS, JJ.

Order directing summary judgment and the judgment entered thereon unanimously affirmed, with ten dollars costs and disbursements.