UTICA,
Aug. 1826.

Van Deusen
v.
Brower.

VAN DEUSEN *against* A. BROWER, J. BROWER, P. BROWER AND C. M. BROWER.

In a non-bailable action against infants, the plaintiff may take a rule that they appear in 20 days after personal service of the rule; or that the plaintiff's attorney have leave to appoint *John Doe*, a nominal person, for their guardian, and enter their appearance.

On filing an affidavit of the service, the plaintiff may enter a rule of course for the appointment of *John Doe* as guardian.

In an action against heirs, if they will shew nothing by descent, or insufficient assets by descent, they must plead, or give notice of this specially; and cannot shew it upon the general issue.

The rules of pleading are the same in this respect, in the case of heirs, as of personal representatives.

If they do not so plead, the plaintiff may take judgment, either generally, or of assets descended, at his election.

Execution against infant heirs cannot issue till a year after judgment.

But where some of the heirs are adults, it may issue against them short of the year.

If issued against both short of the year, it may be so amended as to affect only the adults.

Where the plaintiff appears for infants by a nominal guardian, the court will, at any time before the judgment is finally executed, let them in to plead, the judgment standing as security.

Execution amended as to the return day.

THIS action was assumpsit against the defendants, as heirs at law of *Aaron Brower*, deceased. The *capias ad respondendum* was returned served on all the defendants, in *August* term, 1820. *A.* and *J. Brower*, being adults, appeared and pleaded the general issue. The other two defendants being then and still infants, the plaintiff, at the *October* term, 1820, obtained a rule that they appear by some guardian, in 20 days after personal service of the rule; or that the plaintiff's attorney should have leave to appoint *John Doe* for their guardian, and enter their appearance. Service of the rule being made accordingly, and they not appearing, on filing an affidavit of the service, the plaintiff entered his rule for the appointment of *John Doe*, a nominal guardian, having no real existence.

The cause was afterwards tried on the general issue as to the other defendants; and no defence of *riens per discent* was interposed. In *February* term, 1825, the plaintiff entered a judgment for the plaintiff generally against all the defendants, upon the verdict against the adults, and on *nil dicit* as to the infants.

A *fi. fa.* was issued against, and levied on the property of all the defendants before one year had elapsed after the judgment. No return day was mentioned in this execution.

*J. A. Spencer* moved to set aside the judgment, and all subsequent proceedings. He cited 2 *Tidd*, 854; 13 *John.*

*Rep.* 97 ; 1 *R. L.* 515 ; 14 *John. Rep.* 417 ; 12 *John. Rep.* 434 ; *Bac. Ab. Error,*(*M*) ; 1 *R. L.* 318, *s.* 6 ; 14 *John. Rep.* 424 ; *Simonds* v. *Catlin,* 2 *Caines' Rep.* 61 ; 2 *Str.* 1076 ; 2 *Wils.* 50 ; 2 *John. Dig.* 20, *Infant III. ;* 2 *John. Rep.* 192 ; 2 *Cowen's Rep.* 430.

*Jas. Edwards,* contra, cited 2 *Sell. Pr.* 67, 68 ; 2 *Archb. Pr.* 145; *Bac. Ab. Heir and Ancestor,*(*H*); *Plowd.* 440 ; 20 *John. Rep.* 414 ; 1 *R. L.* 316, *s.* 4 ; 2 *Cowen's Rep.* 619.

*Curia.* In the English courts, if an infant do not appear in a non-bailable action, the plaintiff obtains an order from a judge, which is of course, that unless the infant appear in 6 days after personal service of the order, the plaintiff may assign *John Doe* for his guardian, and file common bail for him. This has long been the settled practice. (2 *Sellon,* 68. 2 *Archb. Pr.* 145.) Of course, it is the practice of this court, except that the six days are changed to 20. The judgment is, therefore, regular against all the defendants, unless the exceptions to its form be well taken.

The principles of pleading seem to be the same, both as to the real and personal representative. If the latter mean to protect himself from personal liability, he must do so by shewing the state of the assets, if he cannot succeed in defeating the action upon the merits. So the former must plead *riens per discent ;* or other plea adapted to try the amount of assets descended. If he omit to do so, the plaintiff may, in his election, take judgment of the assets ; or proceed as he has done here to a judgment generally, the same as if the action had been for the defendants' own debt. A summary of the authorities on this head is given in 2 *Archb. Pr.* 137-8.

The execution is irregular as to the infants, but not so as to the adults. (*a*) As to the former, it must be set aside ; but the plaintiff may so amend that it shall command the sheriff to levy of the property of the latter. He may also amend by inserting a return day.

(*a*) *Shocke* v. *Phillips,* 5 *Cowen,* 440.

UTICA,
Aug 1826.

But no laches can be imputed to the infants; and if any one will put in an advantageous plea for them, it should be received. Let the default as to them be set aside, provided they appear by guardian in two months: the present judgment, however, to stand as security.

No costs are allowed on either side.

RULE: That the motion to set aside the judgment and execution be denied as to *Aaron* and *John Brower;* but granted as to the other defendants; that the plaintiff have leave to amend his execution by inserting a return day; and so that it shall be operative against the estates of *Aaron* and *John Brower* only; that the default against the other defendants be set aside, provided they appear in two months by a real guardian, the present judgment standing as security; and no costs of this motion to be allowed on either side.