Fake *a.* Edgerton.

## FAKE *a.* EDGERTON.

*New York Superior Court ; Special Term, September,* 1856.

EXECUTION AGAINST THE PERSON.—PROPER CONTENTS OF.

Executions need not state the time and place of their return.

It is not necessary that sixty days should intervene between the issuing of an execution against property, and one against the person.

Under what circumstances an execution against the person may be issued.

Motion to set aside an execution against the person.

This action was brought by one Fake against Edgerton and Britton. The defendants were held to bail by an order which still remained in force. Judgment was perfected July 3, 1856, and a transcript filed July 7. An execution against the property of defendants was issued on the last mentioned day to the sheriff of the city and county of New York, which was returned unsatisfied on August 25, following. Execution against the person of defendants was then issued, on September 3, 1856.

The defendant was a resident of King's County, but the arrest of the defendants upon the original order of arrest was made in New York City.

Edgerton having been arrested upon the execution, now moved to set it aside.

*D. McMahon,* for the motion, urged the following objections to the regularity of the execution. I. No place or time where or when it is to be returned is mentioned in it.

II. Sixty days had not elapsed between the issuing of the two executions.

III. As defendant was a resident of King's County, no execution against his body was regular until one against his property had been issued to that county and returned.

IV. It does not appear on the face of the execution that it was issued by order of the court, or that it was one in which the defendant could be arrested.

Fake *a.* Edgerton.

V. Directions were endorsed to arrest only one defendant, while the judgment is against two as joint contractors.

*H. Buckman,* opposed.

BOSWORTH, J.—1. Section 283, which prescribes the form of the execution, does not require a certain day to be named in it. The sheriff is required by section 290 to return it within sixty days after he receives it. The duty which that section imposes need not be stated in the body of the execution.

2. It is not necessary that sixty days should intervene between the issuing of the two executions. It is enough that the first has been actually returned by the sheriff when he has acted *bona fide.* (*Code,* § 288.)

3. To charge bail, it was necessary before the Code, to issue a *fi. fa.* to the county in which the defendant was arrested. That was done in this case. The Code has not required one to be issued to the county where the defendant resides.

4. The execution on its face, states all which § 289 requires. It is enough to justify the execution, that an order was made holding the defendant to bail, which is still in force. (2 *Seld.,* 560). Whether that order may properly form part of the record it is unnecessary to decide.

5. It is not easy to perceive why one defendant, liable to be arrested, should complain that another, by instructions from the plaintiff, has not been, though equally liable. The execution is regular in form, and such instructions do not authorize the release of a party rightfully arrested under it.

Motion denied, with $5 costs.