HENRY WHEELER, RESPONDENT, v. GEORGE W. MILLER, APPELLANT.

*Manufacturing corporation — failure of subscribers to pay in the capital stock — what is sufficient to prove the defendant to be a stockholder — the judgment and execution against the company cannot be attacked collaterally — the plaintiff must prove his claim against the company.*

In an action by a judgment creditor of a manufacturing corporation, to charge a stockholder thereof with the payment of the judgment because of a failure to pay in the amount due upon his stock, the fact that he was a stockholder is sufficiently shown by proving that he was one of the trustees named in, and that he signed the certificate of incorporation; that he subscribed for fifty shares of the stock, and subsequently acted as secretary of the company, even though it is not shown that he in fact actually received his certificate of stock.

In such an action the defendant cannot dispute the validity of the judgment recovered against the company, or of the execution issued against it thereon, for mere irregularities.

In such an action proof that the judgment was recovered against the company is not sufficient; it is incumbent upon the plaintiff to prove, by competent and satisfactory evidence, the validity of his claim against the company.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*John Sherwood* and *C. E. Coddington*, for the appellant.

*Olin A. Martin*, for the respondent.

BOCKES, J.:

The defendant is charged in this action with personal liability as stockholder of the Mallary Paper Bag Manufacturing Company, for an indebtedness alleged to have been incurred by that company to the plaintiffs' assignors. The alleged indebtedness was for printing and binding books, pamphlets and papers for the company, at its request.

The corporation was organized under the act of 1848 (chap. 40), and its amendments, which law authorized the formation of corporations for manufacturing, mining, mechanical and chemical purposes. Its capital stock was fixed, by the certificate of incorporation, at $200,000, divided into shares of $100 each. The defendant was

one of the trustees named in the certificate, signed the same, and, as the referee finds, he subscribed for fifty shares of the capital stock, but omitted to pay in such subscription. The referee further finds, generally, that the whole amount of the capital stock fixed and limited by the certificate of incorporation was never paid in.

The tenth section of the act referred to creates a personal liability against stockholders for the debts of the company, to the amount of their stock respectively, in case of an omission to pay in the whole stock fixed and limited by the certificate of incorporation. But by section 24, it is provided that personal liability shall not attach for this cause until the creditor shall have exhausted his remedy at law in whole or in part, by judgment and execution against the company. Thus it is seen that judgment and return of execution unsatisfied against the company is made a prerequisite to a right of action by a creditor thereof, in order to charge a stockholder with personal liability under the provision of law above referred to (*Lindlsey* v. *Simonds*, 2 Abb., [N. S.], 69 ; *Birmingham Nat. Bank* v. *Mosser*, 14 Hun, 605), except, perhaps, in cases of impossibility to perform the condition. (*Kincaid* v. *Dwinelle*, 59 N. Y., 548, 551.) There was no impossibility existing in this case to the performance of this prerequisite, and the objection is taken that this was not shown on the trial before the referee. The finding of the referee, however, is full and complete in this regard, and the finding seems well supported by the evidence. The proof is that an action was commenced by the plaintiff's assignors against the company in the usual way, by summons and complaint; that the company appeared in the action by attorney, and put in an answer to the complaint, duly verified by its president; that the case was noticed for trial, and was tried by and before a justice of this court, who awarded judgment in the action in due form, and that judgment was thereupon properly entered. The point of objection is, that it appears from the record that the action was tried at a term or circuit other than that for which it was noticed. The objection is untenable. Jurisdiction of the person and subject-matter appearing, the objection, if well based in fact, was but an irregularity, which could not be urged in a collateral suit. But even irregularity is not affimatively established. For anything that appears to the contrary, the trial was duly postponed from the time at which it was noticed for trial

to the time and place of trial. The record is not impeached for want of jurisdiction. The objection that a valid judgment was not proved in favor of the plaintiff's assignors against the company, is not well taken.

It is next urged that the execution issued upon the judgment was informal and void. The execution was in due form in all essential requisites. The teste and return, if informal, would not affect its validity when attacked collaterally. It was sufficient in form to authorize its execution by the sheriff. (*Fake* v. *Edgerton*, 5 Duer, 681; *Park* v. *Church*, 5 How., 381; *Healy* v. *Preston*, 14 id., 20.) The return of *nulla bona* was sufficient, and there is nothing to show that it issued to other than the proper county. Indeed, it does appear affirmatively that it issued to the county named in the certificate of incorporation as that in which the business of the company was to be transacted. We are of the opinion that the condition precedent to the right of action against a stockholder of the company required by the statute was, in this case, established.

It is next insisted that the defendant never held any of the stock of the company; hence was never one of its stockholders within the intent of the statute. The proof is that he was one of the trustees named in the certificate of incorporation. He was a subscriber for fifty shares of the stock, and subsequently was the acting secretary of the company. Now, by the act itself, trustees must be stockholders, and as he was liable on his subscription for fifty shares of stock, and assumed the duties and obligations of a stockholder, he should be held to such liabilities as the law imposed upon stockholders, even although he never, in fact, actually received his certificate of stock. (*Burr* v. *Wilcox*, 22 N. Y., 551; *Spear* v. *Crawford*, 14 Wend., 20.) And having been shown to be a stockholder, or responsible to creditors as such, such relation to the creditors will be presumed to continue, at least until there is affirmative proof of its termination. (*Herries* v. *Wesley*, 13 Hun, 492.) The decision in *Chase* v. *Lord* (77 N. Y., 1) is not, under the circumstances of this case, an authority against the plaintiff on this point. The proof that, at some time subsequent to that when the defendant became a stockholder, not shown to have been at a time prior to the accruing of the indebtedness to the plaintiff's assignors, 1,999 shares were issued to other persons than the defendant, will

not relieve him from liability. The finding that the defendant was a stockholder of the company for fifty shares of the capital stock is, as we think, supported by the proof, and the evidence is conclusive of the further fact that his subscription for the fifty shares was never paid in.

It is further urged by the appellant's counsel that the claim made by the plaintiff's assignors against the company was not established by the evidence. The judgment against the company did not conclude the defendant in this action brought to charge him with personal liability. Judge ALLEN says, in *Kincaid* v. *Dwinelle* (59 N. Y., 551), that "the judgment against the corporation is of no virtue or effect in the action against the stockholder, and is only evidence as proving the performance of the condition precedent." The decisions are uniform to this effect. (*Miller* v. *White*, 50 N. Y., 137; *McMahon.* v. *Macy*, 51 id., 155; *Hastings* v. *Drew*, 76 id., 9.) It was, therefore, incumbent on the plaintiff to verify, by competent and satisfactory evidence, the claim against the company the same as if no action had been previously brought upon it. This point in the case was very sternly litigated on the trial before the referee. Its decision was made to turn very much on the question of Mr. Norton's credibility. If his testimony be given entire effect, the claim of the plaintiff's assignors against the company was well established, for in that case the employment of the former by the latter was direct and explicit, through Norton, its accredited agent. It is urged that the evidence given by Norton was contradicted to an extent that rendered it utterly unreliable. He was seriously assailed in his statements by contradiction by other witnesses, and, as is urged, by improbability and adverse inferences; on the other hand, he was materially corroborated by surrounding circumstances, and by many important and unquestioned facts. The printing and binding of the books, pamplets and papers, constituting the claim, were in suits and pertained to matters in which the company was interested. The work was apparently in furtherance of its interest. Norton was its counsel in those matters, and its attorney in some of the suits. The president of the company, it seems, had knowledge that the work was being done, as had also its financial agent. Thus it is seen that the case is not made conclusively for the defendant, but it rested on inferences from facts proved, on probabilities, and

very much on the credibility of witnesses. In such case, the court, on appeal, should accept the findings of the referee as conclusive. Of course, the General Term must examine the case, but a reversal will be granted only when it can be seen, on a review of all the evidence, that the finding was erroneous. (*Roe* v. *Boyle*, 7 W. D., 566; *Trull* v. *Barkley*, 5 id., 159; *Roosa* v. *Smith*, 17 Hun, 138.) We are inclined to accept the finding of the referee on this question of fact, as sustained by the proof submitted on the trial.

It is further urged that the defendant was a creditor of the company to an amount exceeding or equal to his stock, and that his claim was one for which the stockholders were individually liable. Were this so, it would defeat a recovery against him in this action. (*Mathez* v. *Neidig*, 72 N. Y., 100: *Agate* v. *Sands*, 73 id., 620.) The referee found against the defendant on this point also, and, after a careful examination of the evidence, it cannot be asserted, as we think, that the finding is erroneous.

On the whole, our conclusion is that the judgment must be affirmed, with costs.

BOARDMAN, J., concurred.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.