ALFRED WHITMAN *et al.*, Respondents, *against* JOHN D. JAMES, Impleaded, &c., Appellant.

(Decided April 3d, 1882.)

Where, in an action against joint debtors, an order of arrest has been granted and executed against one of them, and judgment has been recovered against all and execution against the property of all returned unsatisfied, an execution against the person of the defendant who was arrested is not irregular, because it does not run, in form, against all the defendants.

APPEAL from an order of this court denying a motion to vacate an execution against the person.

The action was brought against J. G. Wilson and John D. James, as partners, for collecting and appropriating the proceeds of a promissory note entrusted to them by plaintiffs for collection. The collection and appropriation was by James, without the knowledge or consent of Wilson, and the plaintiffs obtained an order of arrest against James only. Judgment was recovered against defendants jointly, and a joint execution was issued against their joint and separate property. On the return of such execution an execution against the person of James only was issued. He moved to vacate the execution on the following grounds : (1) That it did not follow the judgment in the action ; (2) That it was not warranted by the judgment; (3) That no order of arrest had been granted against the defendant Wilson or against both defendants.

The execution was as follows :—

" The People of the State of New York to the Sheriff of the County of New York, greeting :

" Whereas judgment was rendered on the fifth day of April, one thousand eight hundred and eighty-one, in an action in the Court of Common Pleas for the City and County of New York, between Alfred Whitman and Edmund S. Whitman, plaintiffs, and John D. James and James G. Wilson,

Whitman v. James.

defendants, in favor of the said plaintiffs, against the said defendants, for the sum of three hundred and seventy-seven $\frac{51}{100}$ dollars, as appears to us by the judgment roll filed in the office of the clerk of said court :

"And whereas a transcript of said judgment was filed, and said judgment was docketed in your county on the fifth day of April, in the year one thousand eight hundred and eighty-one, and the sum of three hundred and seventy-seven $\frac{51}{100}$ dollars is now actually due thereon :

"And whereas an execution against the joint and separate personal and joint and separate real property of the judgment debtors has been duly issued to the sheriff of the County of New York, where they reside, and returned unsatisfied :

"And whereas the defendant John D. James has been arrested in said action, and the order for said arrest has not been vacated :

"Therefore, we command you, that you arrest the said judgment debtor John D. James and commit him to the jail of your county, until he shall pay the said judgment or be discharged according to law, and return this execution within sixty days after its receipt by you, to the clerk of the Court of Common Pleas for the City and County of New York.

"Witness, Hon. Charles H. Van Brunt, Justice of our said court, at New York City, the eleventh day of June, 1881.

"FORBES & SAGE,
Plaintiffs' Attorneys,
165 Broadway,
New York City."

The motion was denied, and from the order entered thereon the defendant James appealed.

*C. E. Souther,* for appellant.

*Forbes & Sage,* for respondents.

J. F. DALY, J.—[After stating the facts as above.]—The question to be determined is whether, when an order of arrest has been granted against one of several joint debtors and

remains undischarged, an execution against his person only can be issued after return of execution against the property of all. The case is not expressly provided for in the code. The rule is that an execution must be in the name of all the plaintiffs against all the defendants (*Farmers', &c. Nat. Bank* v. *Crane,* 15 Abb. Pr. N. S. 435; Graham's Pr. 411). The Code of Civil Procedure does not require this to be done, except where the judgment is against joint debtors, only one of whom has been served with summons ; an execution upon such a judgment must be issued in form against all the defendants, but the attorney for the judgment creditor must indorse thereupon a direction to the sheriff containing the name of each defendant who was not summoned, and restricting the enforcement of the execution to the defendant served (§§ 1932–1936). It must be borne in mind, however, that in such a case the execution is properly issued against all the defendants because their joint property is to be reached. So, the cases holding that where one defendant only is to be taken in execution the execution must be issued against all the defendants with an indorsement directing the sheriff to take that particular defendant only, are cases in which all the defendants were originally liable to execution against the person (*Farmers', &c. Nat. Bank* v. *Crane,* above cited ; *Fake* v. *Edgerton,* 5 Duer, 681). I find no authority for holding that, where one defendant only is liable to be taken in execution against the person because an order of arrest was granted and executed against him only, such execution must run, in form, against all the defendants in the action. Such execution would not be warranted by the judgment, and it is essential to the validity of the process that it should be (cases last cited).

The essentials of an execution are prescribed in sections 1366 to 1374 of the code ; it must intelligibly describe the judgment, stating the names of the parties in whose favor and against whom, the time when, and the court in which, the judgment was rendered : and if it was rendered in the Supreme Court, the county in which the judgment roll is filed, &c. Where all the parties against whom judgment was rendered are not judgment debtors, the execution must show who is the

judgment debtor (§ 1368). Where a judgment awards different sums of money to or against different parties, a separate execution may be issued to collect each sum so awarded (§ 1374). No provision requires the execution to be issued against all the defendants in the judgment; the tendency of the code legislation is rather towards separate process for separate liability. The execution in this action describes the judgment accurately, and complies with all the requisites of the code; the defect complained of is that after reciting that the judgment is against both defendants it does not command the sheriff to take both, and by indorsement restrict him to taking James only. It recites the facts showing James to be the only party liable to execution and directs the sheriff to take him. In this it does not violate any provision of the code or rule of practice, and is not irregular.

The order should be affirmed, with $10 costs and disbursements.

BEACH, J., concurred.

Order affirmed, with costs.