## FRANK E. FLANDERS, APPELLANT, *v.* GEORGE W. BATTEN, RESPONDENT.

*Execution issued against one, only, of several judgment-debtors — a grantee of such debtor, acquiring property levied upon in fraud of the debtor's creditors, cannot object — the failure to issue the execution against all the judgment-debtors is a mere irregularity.*

Where a judgment has been recovered against several defendants, and an execution is issued against one only of such defendants, and is levied upon real property alleged to have been disposed of by such judgment-debtor in fraud of his creditors, a grantee, who has acquired the property levied upon in fraud of the judgment-debtor's creditors, has no good ground of objection because of the fact that the execution was issued against only one of the several judgment-debtors.

*Crossitt* v. *Wiles* (13 N. Y. Civ. Pro. R., 327) followed; *Dunham* v. *Reilly* (110 N. Y., 366) and *Place* v. *Riley* (98 id., 1) distinguished.

*Semble,* the fact that the statute requires that the personal property of the judgment-debtor shall be exhausted before resort is had to real property to satisfy an execution, and relates to all the parties jointly charged by the judgment, and that such purpose is defeated if the real property of one of such judgment-debtors may be sold before the personal property of the others is taken and disposed of on execution, affords no ground of objection to a fraudulent grantee of one of the judgment-debtors.

*Semble,* that the failure to issue an execution against all the judgment-debtors was but an error or irregularity in the process, which could be taken advantage of only by the judgment-debtor against whom the execution was issued.

APPEAL from a judgment in favor of the defendant, entered on a verdict rendered at the Niagara Circuit, and from an order denying a motion for a new trial made on a case and exceptions.

The action was brought to recover for the alleged conversion by

the defendant of a quantity of personal property of the plaintiff. The defendant, by way of justification, alleged that he was sheriff of the county of Niagara; that he levied upon and sold the property by virtue of an execution issued upon a judgment against Webster Flanders and others, and that by such execution he was commanded to satisfy the judgment out of the property of Webster Flanders, who had an interest in the property subject to levy and sale, and that the plaintiff's claim of title was fraudulent as against the creditors of such judgment-debtor.

It appeared that on July 3, 1886, one Joseph Riddle recovered a judgment against Webster Flanders, Hiram Flanders and Alexander D. Colt, for upwards of $2,000; that on the fourteenth of that month an execution was issued, which, on the same day, was received by the defendant as such sheriff. The execution recited the recovery of the judgment, the names of the parties to it, and directed the officer to satisfy it out of the personal property of Webster Flanders, and if sufficient could not be found, then out of the real property belonging to him on the fourteenth day of July, 1886, or at any time thereafter. The personal property in question was taken and sold by virtue of such execution, and this act constituted the alleged conversion. The plaintiff's claim of title to the property was derived from a written bill of sale made of it to him by Webster Flanders, June 29, 1886. The verdict of the jury was for the defendant.

*Ransom & Joyce*, for the appellant.

*John E. Pound*, for the respondent.

Bradley, J.:

The finding of the jury that the sale and transfer by Webster Flanders to the plaintiff of the property in controversy, was fraudulent as against the creditors of the former, was supported by the evidence. The main question for consideration on this review is whether the execution was void. While it correctly recited the judgment, stating the names of the parties in whose favor and against whom it was rendered, as provided by statute (Code Civil Pro., § 1366), it directed the sheriff to satisfy it out of the property of one only of the three judgment-debtors. It is the usual practice

to embrace, in such direction of an execution, all the parties jointly charged by the judgment upon which it is. issued. And if that is essential to the validity of the execution, the contention of the plaintiff's counsel must be sustained. The statute provides that, except in a case where special provision is otherwise made by law, the execution must substantially require the sheriff to satisfy the judgment out of the property of the judgment-debtor. (Id., § 1369.) The execution in the present case is not within any such special provision. The statute does not, in terms, provide that the execution must direct the officer to satisfy the judgment out of the property of all the judgment-debtors when there is more than one. The practice generally declared in that respect before it became statutory, was that upon a judgment against two or more, a separate execution against one should not be issued, but that it should strictly pursue the judgment and issue against all of them. (1 Burrill's Pr., 289.) And upon the proposition that an execution in such case issued against one of several defendants is void, is cited the case of *Clark* v. *Clement and English* (6 Term. [D. & E.], 525). That case has no necessary application to the question here. There it was held that the discharge from arrest of one of two defendants, taken on *ca sa*, operated to discharge the other from liability to arrest, and, therefore, the execution against him was quashed. And such was the common-law doctrine which remains applicable, except so far as it has been modified by statute. (*Kasson* v. *The People*, 44 Barb., 347.)

The inquiry in the case at bar is not necessarily whether the judgment-debtor, against whose property only the execution was issued, might have effectually taken objection, by motion, to set it aside as irregularly issued in that manner, and upon that question no opinion is now expressed. An execution may be voidable and not void. (*Renick* v. *Orser*, 4 Bosw., 384; *Abels* v. *Westervelt*, 15 Abb., 230; *Van Deusen* v. *Brower*, 6 Cow., 50; *Hutchinson* v. *Brand*, 6 How., 73; S. C., 9 N. Y., 208; *Bacon* v. *Cropsey*, 7 id., 195; *Benedict, etc., Co.* v. *Thayer*, 20 Hun, 547; *Peck* v. *Tiffany*, 2 N. Y., 451; *Walker* v. *Isaacs*, 36 Hun, 233; *Hunt* v *Loucks*, 38 Cal., 372; S. C., 99 Am. Dec., 404.) If the execution had, in form, been issued against all the judgment-debtors, the sheriff would have been required, if so directed by the attorney for the judgment-

creditor, to have executed it upon the property of any one of them (*Root* v. *Wagner*, 3 N. Y., 9); and such direction may have been effectually given by indorsement upon the execution, or orally. In view of that right and duty, it was held in *Crossitt* v. *Wiles* (13 N. Y. Civ. Pro. R., 327) that an execution might properly be issued against only one of two defendants in a judgment. (*Whitman* v. *James*, 10 Daly, 490; affirmed. 89 N. Y., 635.) The party against whose property the execution was issued was charged with liability by the judgment; and, whatever view may be taken of the regularity of the execution, we think it was not void, and, therefore, that the levy and sale were not rendered ineffectual for want of validity of the process. In the cited case of *Dunham* v. *Reilly* (110 N. Y., 366) the execution was held void because issued in violation of the statute; and in *Place* v. *Riley* (93 N. Y., 1) the execution, in an essential respect, did not conform to the requirement of the statute, which, in such cases, definitely prescribed the direction which it should give to the officer, and control his action in executing it. The principles of those cases do not seem analogous or applicable to the question here. In the present case the sheriff was, by the execution, directed as against the one judgment-debtor to proceed for its collection in the manner required by the statute. (Code, § 1369.) It is, however, urged that the requirement of the statute, that the personal property be exhausted before resort is had to real property to satisfy an execution, has relation to all the parties jointly charged by the judgment, and that such purpose is defeated if the real property of one may be sold before the personal property of the others is taken and disposed of on execution. This rule necessarily applies to any judgment-debtor against whose property the sheriff may proceed to satisfy an execution, and when his personal property fails to satisfy it the officer may proceed to sell his real property upon execution; and if such judgment-debtor may have any relief in that respect, it is available to him only by application to the court for direction to the sheriff to proceed against the personal property of his associates in the judgment. The fact that the execution in this case directed, on failure of sufficient personal property to satisfy it, that the sheriff then proceed against the real property belonging to the judgment-debtor on or after a day speci-

fied, which was several days after the judgment was docketed, was not available to the plaintiff in this action. It was but an error or irregularity in the process; and, besides that, the plaintiff being a fraudulent vendee of the property, as against the creditors of the judgment-debtor, is not entitled, as against the defendant, to effectually assert, for the purposes of this action, that the sheriff should have resorted to any real property of the judgment-debtor before taking and selling the property in question for that purpose. The transfer to him is deemed void, as against the creditors of his vendor. (*Davis* v. *Leopold*, 87 N. Y., 620.)

These views lead to the conclusion that the judgment and order should be affirmed.

BARKER, P. J.; HAIGHT and DWIGHT, JJ., concurred.

Judgment and order affirmed.