JUDSON D. TIFFANY, Respondent, *v*. HERBERT S. HARVEY, Late Sheriff of the County of Queens, Appellant.

Arrest — bail — action to recover cash bail deposited with .sheriff by defendant arrested in action for conversion — cannot be maintained without proof that execution against property and person of defendant issued to county where he resides has been returned unsatisfied — Code Civ. Pro. §§ 597, 1489.

Where cash bail was ·deposited by a defendant with the sheriff who had arrested him in an action for conversion, and the circumstances were such that defendant became liable as bail (Code Civ. Pro. §§ 582–587, 596) and executions upon the judgment thereafter obtained in such action were issued first against the property and after its return against the person of the defendant, to the succeeding sheriff of the same county, who subsequently returned the first execution as unsatisfied, and the second indorsed "not found," a judgment against the former sheriff in an action· by the judgment creditor to recover the cash bail cannot be sustained where there is a failure to allege and prove that the judgment debtor against whom the execution was issued was not a resident of this state, or that the execution against his property had been issued to the county where he resides, as required by the statute. (Code Civ. Pro. §§ 597, 1489.)

*Tiffany* v. *Harvey*, 158 App. Div. 159, reversed.

(Submitted October 14, 1915; decided November 23, 1915.)

APPEAL from a judgment, entered July 30, 1913, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reviewing a judgment

in favor of defendant entered upon a dismissal of the com-
plaint by the court at a Trial Term and directing judg-
ment in favor of the plaintiff for the amount of certain
cash bail delivered to the defendant September 15, 1908,
in an action brought by the plaintiff against one Charles
F. Washburn.

The facts, so far as material, are stated in the opinion.

*William Rasquin, Jr.,* and *Charles H. Bailey* for
appellant. The complaint was properly dismissed for the
reason that the plaintiff failed to comply with sections
597 and 1489 of the Code of Civil Procedure. (*Am.
Surety Co.* v. *Cosgrove,* 40 Misc. Rep. 262.)

*Samuel J. Rawak* for respondent. The defendant was
arrested in Queens county, execution was issued to the
sheriff of that county in accordance with the provision of
section 597 of the Code. No other or further execution
was required to be issued to charge bail. (*Fake* v.
*Edgerton,* 3 Abb. Pr. 229; *Douglas* v. *Haberstro,* 88
N. Y. 611.)

CHASE, J. The plaintiff brought an action against one
Washburn in 1908 to recover $2,672.75 for conversion of
property. An order of arrest was duly issued in said
action which directed the sheriff of the county of Queens
to arrest and take said Washburn into his custody and
hold him to bail in the sum of $500.

The summons, complaint, order of arrest and a copy
of the affidavit and undertaking upon which the order of
arrest was granted were given to the defendant as sheriff
for service. On September 15, 1908, they were duly
served, and said Washburn thereupon and on that day
deposited with the defendant $500 lawful money of the
United States as bail, and he was thereupon discharged
from custody. The defendant did not pay said $500 into
court.

On the 24th day of September, 1908, there was filed

with the defendant an original undertaking as bail in the form prescribed by statute, signed by two sureties. Upon receiving such undertaking the defendant paid to said Washburn, without notice to the plaintiff's attorney in the action and without an order or direction of the court, the $500 that had been deposited with him. The defendant did not deliver to the plaintiff's attorney in the action copies certified by him of the order of arrest, return or undertaking, or a copy of the undertaking of bail, or any notice in regard thereto. Final judgment was rendered in the action brought by the plaintiff against Washburn in favor of the plaintiff on the 27th day of April, 1912, for $1,323.37, and the said judgment was on that day duly docketed in the county of Queens. At that time the defendant's term of office as sheriff had expired. On May 6, 1912, execution against the property of Washburn was issued to the sheriff of the county of Queens and returned unsatisfied.

Thereafter, and on the 21st day of May, 1912, an execution against the person of Washburn was issued to the same sheriff and was returned indorsed "not found." This action was then commenced to recover the $500 of the defendant as bail.

The plaintiff did not allege or show where the defendant Washburn resided. It may be conceded that the defendant became liable to the plaintiff as bail. (Code of Civil Procedure, sections 582, 583, 584, 585, 587, 596.)

To sustain such an action it is necessary first to comply with the provisions of section 597 of the Code of Civil Procedure which so far as material are as follows:

"An action may be brought, as prescribed in the last section, in a case where * * * the following requisites have been complied with:

"1. An execution, against the property of the defendant, must have been issued to the sheriff of the county in which he was arrested, and returned by that sheriff, wholly or partly unsatisfied.

" 2. An execution, against the person of the defendant, must have been issued to the same sheriff, and by him returned, not less than fifteen days after its receipt, to the effect that the defendant could not be found within his county."

If, however, the defendant is a resident of the state the execution against the person cannot be issued unless an execution against his property has been issued to the county where he resides and such execution has been returned wholly or partly unsatisfied. (Code of Civil Procedure, section 1489.)

Before the Code of Procedure it had been held necessary for the purpose of charging bail to issue a *fi. fa.* to the county in which the defendant was arrested. In 1856 it was held that the Code of Procedure did not require that an execution be issued to the county where the defendant resides. (*Fake* v. *Edgerton*, 3 Abb. Prac. 229.) When the first fourteen chapters of the Code of Remedial Justice were adopted to take effect in 1877, section 1489 thereof was the same as the present section 1489 of the Code of Civil Procedure. Montgomery H. Throop in his notes to said fourteen chapters, referring to section 1489 thereof, says:

" The sentence added at the end of this section has been framed for the purpose of requiring the judgment creditor when he issues an execution against property to send it to a county where there is some probability that it can be collected, if the judgment debtor has any property. The original statute apparently permits it to be issued to any county; and it has been held that it need not be issued to the county where the debtor resides. (*Fake* v. *Edgerton*, 5 Duer, 681; 3 Abb. Pr. 229.) This amendment may sometimes require the creditor to issue two executions against property (*ante*, § 597); but they may be issued simultaneously (*ante*, § 1365) and such cases will be of very rare occurrence."

It seems clear that said sections 597 and 1489 should be

read and construed together. The plaintiff failed to show that the defendant Washburn in said original action is not a resident of this state or that an execution against the property of said defendant Washburn had been issued to the county where he resides. It does not, therefore, appear that a valid execution against the person of the said defendant Washburn had been duly issued and returned before this action was commenced. Without such proof this action cannot be maintained.

The judgment of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs in this court and in the Appellate Division.

WILLARD BARTLETT, Ch. J., COLLIN, CUDDEBACK, CARDOZO, SEABURY and POUND, JJ., concur.

Judgment accordingly.